UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC KLYPCHAK<br>5810 State Route 20, Lot 36<br>Wakeman, Ohio 44889 | ) CASE NO.<br>)<br>) JUDGE |
| Plaintiff, | ) MAGISTRATE JUDGE |
| vs. | ) **PLAINTIFF'S COMPLAINT** |
| FORNI LANDSCAPING ARTS, LLC<br>c/o Statutory Agent David A. Forni<br>15614 Delaware Ave<br>Lakewood, Ohio 44107 | ) (Jury Demand Endorsed Herein) |
| and | |
| DAVID FORNI<br>c/o Forni Landscaping Arts, LLC<br>15644 Madison Avenue, Suite 107<br>Lakewood, Ohio 44107 | |
| Defendants. | |

Now comes Plaintiff Eric Klypchak, by and through counsel, and for his Complaint against Forni Landscaping Arts, LLC and David Forni, (collectively "Forni Landscaping" or "Defendants"), states and alleges the following:

**INTRODUCTION**

1. Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant Forni Landscaping Arts, LLC was a domestic limited liability corporation.

8. Defendant David Forni is the owner of Forni Landscaping Arts, LLC.

9. At all times relevant herein, Defendant Forni had control over Defendant Forni Landscaping Arts, LLC's day-to-day business operations and had authority to, among other things, hire and fire employees, direct and supervise employees' work, set schedules, and discipline employees.

10. At times relevant herein, Defendants maintained its principal place of business in Cuyahoga County, Ohio.

11. At all times relevant herein, Defendants were an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

12. At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

15. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

16. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## **FACTUAL ALLEGATIONS**

17. Defendants are in the landscaping business and provide landscaping services to its customers.

18. Plaintiff was employed by Defendants as a landscaper/foreman/mechanic between June 2016 and August 2020.

19. Defendant initially paid Plaintiff an hourly wage and then switched Plaintiff to a salary wage in 2018.

20. Defendants scheduled Plaintiff to work from 7:00 a.m. to 5:00 p.m. However, Plaintiff worked longer hours than the hours for which he was scheduled on most days.

21. Plaintiff estimates that he worked approximately 50 to 60 hours each week.

22. Defendant knew that Plaintiff worked over 40 hours per week because Defendants scheduled Plaintiff to work a minimum of 50 hours per week.

23. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for all of the hours he worked in excess of 40 hours each week.

**(Failure to Keep Accurate Records)**

24. Defendants failed to make, keep, and preserve accurate records of the work Plaintiff performed.

**(Defendant Willfully Violated the FLSA)**

24. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Overtime Violations)**

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Defendants' practice and policy of failing to pay Plaintiff overtime compensation at the rate of one and one-half his regular rate of pay for all of the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

27. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

28. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he had not received wages due to him pursuant to the FLSA.

## **COUNT TWO**
**(OMFWSA Overtime Violations)**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Defendants' practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

31. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

32. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Ste. 250
34555 Chagrin Blvd.
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiff